Entered on Docket
October 16, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
OCT 16 2007
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                ] Case No. 07-50484-ASW
                                     ]
David Ly Chang                       ] Chapter 7
                                     ]
              Debtor.                ]
_____]

MEMORANDUM DECISION
DENYING UST'S MOTION TO DISMISS

Before the Court is the motion of the United States Trustee ("UST") to dismiss the bankruptcy case of debtor David Ly Chang ("Debtor") under 11 U.S.C. § 707(b)(1)[1] as an abuse of the provisions of chapter 7 (the "Motion"). The UST asserts that Debtor's monthly disposable income as calculated under § 707(b)(2) (the "means test") is sufficiently high for the presumption of abuse to arise. Debtor contends that the UST's calculations are incorrect, and that his monthly disposable income, calculated properly, does not give rise to the abuse presumption. The UST has challenged several of Debtor's claimed expenses, but the outcome of the Motion turns solely on whether Debtor is entitled to deduct,

---

[1] Unless otherwise noted, all statutory references are to Title 11, United States Code (the Bankruptcy Code), as it existed when Debtor filed his bankruptcy petition on February 20, 2007.

for purposes of the means test, secured debt payments due on his residence, notwithstanding the fact that Debtor has surrendered the property post-petition.[2] The parties stipulate that the Court's decision on this single issue is dispositive for purposes of this Motion.

Debtor is represented by Cathleen Cooper Moran, Esq. of the Moran Law Group, Inc. The UST is represented by John S. Wesolowski, Esq.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

STATEMENT OF FACTS

The relevant facts are undisputed. Debtor filed a chapter 7 bankruptcy petition on February 20, 2007. On Schedule A, Debtor listed his interest in a single family residence in Milpitas, California (the "Residence"). On Schedule D, Debtor indicated that the Residence was encumbered by two notes secured by deeds of trust with a total balance of approximately $920,000. Debtor filed a statement of intention indicating his intent to surrender the Residence.

Debtor filed Form 22A, Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, with the petition. Debtor's

---

[2] UST also challenges Debtor's right to claim a vehicle ownership expense for a car owned free and clear of liens and his deductions for support payments to his wife and two children, none of which are court-ordered. Due, however, to the magnitude of the mortgage expense, resolution of these issues is not necessary at this juncture.

MEMORANDUM DECISION 2

annualized Current Monthly Income ("CMI") on Form 22A, line 13, is $141,290.16. The California median family income for a three person household is $62,112. Accordingly, Debtor is an above-median debtor and must complete the expense portion of Form 22A to determine whether the presumption of abuse arises under § 707(b)(2).

In Part V of the means test, Subpart C, entitled "Deductions for Debt Payment", at Line 42, Debtor listed deductions for future payments on secured claims totaling $6,779.36, comprised of (1) a payment to Downey Savings of $4,210 on account of the first deed of trust; (2) a payment of $2,100 to Indymac Bank on account of the second deed of trust; and (3) a payment of $469.36 to the County of Santa Clara for property taxes.[3] It is undisputed that the contracts concerning the debts secured by the Residence were valid and enforceable on the petition date and that the Residence was not surrendered pre-petition.

The UST filed the Motion on May 25, 2007, and Debtor opposed. A hearing was held on the Motion on July 12, 2007. At the hearing, the parties agreed that if the deduction for the debts secured by the Residence is proper, the Motion must be denied, and if not, the Motion must be granted.

II.

ANALYSIS

Section 707(b)(2) contains the means test, the purpose of which

---

[3] At Line 43, in the section for other payments on secured claims, Debtor listed cure amounts for the secured debts listed in Line 42 totaling $662.43. The Court need not determine the propriety of these deductions to resolve the Motion.

is to measure the presumed ability of a debtor to repay his debts in the 60 months following the filing of the petition. Under the means test, if a debtor's CMI, after deducting allowable expenses, would permit him to pay, over a 60-month period, either (1) 25% of his non-priority unsecured claims or $6,000, whichever is greater; or (2) $10,000, then abuse of the provisions of chapter 7 is presumed. 11 U.S.C. § 707(b)(2)(A)(i). If abuse is presumed under the means test, dismissal is required unless the debtor rebuts the presumption or agrees to convert the case to one under chapter 13. See 11 U.S.C. §§ 707(b)(2)(A) & (B); In re Kelvie, 372 B.R. 56, 60 (Bankr. D. Idaho 2007).

Pursuant to § 707(b)(2)(A)(iii), a debtor is permitted to deduct, for purposes of the means test, monthly payments for secured debts. The specific language of the statute provides:

> The debtor's average monthly payments on account of secured debts shall be calculated as the sum of --
>
> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
>
> (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;
>
> divided by 60.

11 U.S.C. § 707(b)(2)(A)(iii).

Courts are divided on the question of whether this section authorizes a debtor to deduct monthly payments on secured debt where the debtor intends to surrender the property securing such debt. The majority of decisions hold that it does. Kelvie, 372

B.R. at 62; In re Hayes, --- B.R. ---, 2007 WL 2815983 (Bankr. D. Mass. Sept. 26, 2007); In re Wilkins, 370 B.R. 815 (Bankr. C.D. Cal. 2007); In re Kogler, 368 B.R. 785 (Bankr. W.D. Wis. 2007); In re Longo, 364 B.R. 161 (Bankr. D. Conn. 2007); In re Mundy, 363 B.R. 407 (Bankr. M.D. Pa. 2007); In re Randle, 358 B.R. 360 (Bankr. N.D. Ill. 2006), aff'd, 2007 WL 2668727 (N.D. Ill. July 20, 2007); In re Walker, 2006 WL 1314125 (Bankr. N.D. Ga. May 1, 2006). Courts in the majority have employed a variety of rationales in support of this holding. Some courts have concluded that a plain meaning approach to § 707(b)(2)(A)(iii)(I) supports the conclusion that secured debts may be included notwithstanding the debtor's stated intention to surrender the collateral. Mundy, 363 B.R. at 411-414; In re Hartwick, 359 B.R. 16, 19-20 (Bankr. D.N.H. 2007). Others in the majority find that the language of § 707(b)(2)(A)(iii)(I) regarding "amounts scheduled as contractually due" should be interpreted to mean amounts owed pursuant to an underlying contract, regardless of the debtor's stated intention with regard to surrender. See Longo, 364 B.R. at 165-166; Mundy 363 B.R. 411-413; Randle, 358 B.R. at 364-65; In re Sorrell, 359 B.R. 167, 184-85 (Bankr. S.D. Ohio 2007). Still others have found that the means test calculations are intended to represent a "snapshot" as of the petition date, which furthers the Congressional intent of prompt screening of chapter 7 cases for abuse, limits judicial discretion, and "conforms to the general tenet in bankruptcy that circumstances are to be gauged from the petition date." In re Haar, 360 B.R. 759, 766 (Bankr. N.D. Ohio 2007). Permitting the deduction also limits the court's discretion by allowing the means test to operate as a "switching device" that

steers certain cases into § 707(b)(2)(B) (where debtors bear the burden of proving "special circumstances" to avoid dismissal) or § 707(b)(3) (where the party seeking dismissal bears the burden of showing "abuse" on the basis of a bad faith filing or under the totality of the circumstances test). Longo, 364 B.R. at 164.[4]

A minority of courts hold that if a debtor indicates his intention to surrender the property, he may not deduct the secured debt expense from current monthly income. Courts so holding assign a bankruptcy-specific meaning to the term "scheduled" in § 707(b)(2)(A)(iii), and conclude that, where a debtor indicates in his schedules and statements an intention to surrender the property, the secured debt payments may not be deducted. In re Ray, 362 B.R. 680 (Bankr. D.S.C. 2007); In re Harris, 353 B.R. 304 (Bankr. E.D. Okla. 2006); In re Love, 350 B.R. 611 (Bankr. M.D. Ala. 2006); In re Skaggs, 349 B.R. 594 (Bankr. E.D. Mo. 2006).[5]

---

[4] The Court is cognizant that Debtor's income is more than the average chapter 13 debtor and that the payments on the two deeds of trust securing Debtor's residence are higher than most chapter 13 debtors have to pay. The Court is aware of the legal adage that "bad facts make bad law." However, the particular way the numbers work out in this unusual situation should not control what the general rule should be. In this regard, the Court is of the opinion that the issue addressed by the UST's Motion must be resolved as a matter of law.

[5] In a third approach, one court concluded that a debtor's stated intention to surrender does not eliminate the right to deduct the secured debt payments on the means test, but the actual surrender of the collateral does. In re Singletary, 354 B.R. 455 (Bankr. S.D. Tex. 2006). The Singletary court was constrained by precedent holding that, under pre-BAPCPA § 707(b), post-petition events should be considered in evaluating a dismissal for substantial abuse. In re Cortez, 457 F.3d 448 (5th Cir. 2006). This Court is not so constrained, and in any event concludes that such an approach, taking post-petition events into account, contravenes the purpose of the means test as an objective analysis, to be performed at the time the petition is filed.

This Court is persuaded that the majority view is the better reasoned approach -- for all of the reasons discussed above, as articulated by the courts in the majority. Accordingly, the Court adopts the holding advocated by Debtor, and finds that it is appropriate for Debtor to deduct payments on debt secured by the Residence for purposes of the means test, notwithstanding Debtor's stated intention to surrender the property. Allowing the deduction of Debtor's monthly mortgage payments in this case yields a CMI calculation below the threshold for presumed abuse set forth in § 707(b)(2)(A)(I). The presumption of abuse does not arise in this case. The UST's Motion is therefore denied.

IV.

CONCLUSION

For the reasons set forth in this Memorandum Decision, the UST's Motion is denied. Counsel for the Debtor is to submit an order so providing, after review by the UST as to form.

Dated: 10/15/07

*Arthur S. Weissbrodt*
ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

John S. Weslowski, Esq.
Office of the U.S. Trustee
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004


Cathleen Cooper Moran, Esq.
Moran Law Group, Inc.
1674 N Shoreline Blvd. #140
Mountain View, CA 94043-1375


Carol Wu
25A Crescent Dr. #413
Pleasant Hill, CA 94523